IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| MICHAEL BARNES, as the personal representative of the estate of Gabriel Sage Barnes, )))) | |
| Plaintiff, )) | |
| v. ) | Civil Action Number:  5:18-cv-929-MHH |
| ) | |
| BRYAN SMITH, )) | |
| Defendant. ) | |

**ANSWER OF DEFENDANT OFFICER BRYAN SMITH
TO FIRST AMENDED COMPLAINT**

For answer to the first amended complaint of plaintiff Michael Barnes ("plaintiff"), as personal representative of the estate of Gabriel Sage Barnes ("Barnes"), defendant Officer Bryan Smith ("Officer Smith") states as follows:

**PARTIES**

1.      Plaintiff's assertion that he brings this suit pursuant to section 6-5-410 of the Alabama Code does not require a response from Officer Smith, but Officer Smith denies he is liable to plaintiff under that statute or otherwise.  Officer Smith is without sufficient information to admit or deny the remaining allegations contained in paragraph one of the first amended complaint.  Accordingly, he must deny same.  Officer Smith is without sufficient information to admit or deny that plaintiff has the authority to bring this or any other action on behalf of the estate of

Barnes. Accordingly, he must deny same and he demands strict proof that plaintiff has been properly appointed as the personal representative of the estate of Barnes.

2. The statement that plaintiff is suing Officer Smith in his individual capacity does not require a response from Officer Smith, but Officer Smith denies that he is liable to plaintiff in any capacity. Officer Smith admits the remaining allegations of paragraph two of the first amended complaint.

## FACTS

3. Officer Smith admits that Barnes was in Alabama on July 7, 2017. Officer Smith is without sufficient information to admit or deny the remaining allegations contained in paragraph three of the first amended complaint. Accordingly, he must deny same.

4. Officer Smith admits that Barnes took a 2010 Mustang that was reported as stolen. Officer Smith is without sufficient information to admit or deny the remaining allegations contained in paragraph four of the first amended complaint. Accordingly, he must deny same.

5. Officer Smith admits that someone reported a 2010 Mustang as stolen. Officer Smith is without sufficient information to admit or deny the remaining allegations contained in paragraph five of the first amended complaint. Accordingly, he must deny same.

6. Officer Smith admits that Priceville police attempted to stop Barnes as he traveled on I-65 and pursued him after he refused to stop. Officer Smith is without sufficient information to admit or deny the remaining allegations contained in paragraph six of the first amended complaint. Accordingly, he must deny same.

7. – 9. Admit.

10. Officer Smith admits that no one expressly claimed Barnes was carrying a weapon, other than the vehicle itself, which Barnes did use to try to injure law enforcement officers during the pursuit.

11. Officer Smith admits that Barnes was speeding on the interstate and took the Bob Wallace exit off of I-565. Officer Smith is without sufficient information to admit or deny the remaining allegations contained in paragraph eleven of the first amended complaint. Accordingly, he must deny same.

12. Officer Smith admits that Barnes slowed somewhat as he approached the Bob Wallace access road, and Officer Smith received authorization to conduct a slow-speed PIT maneuver. Officer Smith further admits that he struck the rear of the Mustang in the bumper, but denies striking the rear driver's side. .

13. Officer Smith admits that the PIT maneuver was successful in bringing the Mustang to a very brief stop or near stop and that Barnes drove over a concrete median. Officer Smith is without sufficient information to admit or deny

the remaining allegations contained in paragraph thirteen of the first amended complaint. Accordingly, he must deny same.

14. Officer Smith denies that the Mustang "collided" with the median and that the rim on the front left tire of the Mustang was destroyed. Officer Smith is without sufficient information to admit or deny the remaining allegations contained in paragraph fourteen of the first amended complaint. Accordingly, he must deny same.

15. Officer Smith admits that, at some point after the PIT maneuver, the driver's side and steering wheel airbags deployed in the Mustang, but Officer Smith does not know precisely when that occurred and does not recall noticing that they had deployed at the time.

16. Officer Smith denies that a collision with a median rendered the Mustang undriveable. Officer Smith admits that the Mustang hit an SUV and then a pickup truck on the other side of a concrete median, and very briefly came to a stop or near stop after hitting the truck.

17. Officer Smith admits that he observed the Mustang drive over the concrete median and very briefly come to a stop or a near stop, after striking the pickup truck. Officer Smith denies the allegation that the Mustang "collided" with the concrete median.

18. -19.    Deny.

20. Officer Smith admits, after the PIT maneuver, his vehicle's momentum carried it forward, roughly parallel with the Mustang, and the vehicle came to a stop along the right side of the Mustang, after the Mustang struck an SUV and then a pickup truck. Officer Smith further admits that, once his vehicle came to a stop, he opened his door and stepped out of the vehicle. Officer Smith denies the remaining allegations contained in paragraph twenty of the first amended complaint.

21. Deny.

22. Officer Smith admits that he could see the airbag on the Mustang had deployed, but only after freeing himself from being pinned against his own vehicle as Barnes attempted to go backwards in the Mustang, and then only after he moved along the driver's side of the Mustang to order Barnes out of the vehicle.

23. – 24. Deny.

25. Officer Smith denies issuing any public statements through Police Chief Rick Williams as described in paragraph twenty-five of the first amended complaint. Officer Smith admits that Police Chief Rick Williams made a public statement that Barnes tried to back the Mustang into Officer Smith, and Officer Smith only shot because he was being crushed. Officer Smith denies that the statement by Police Chief Rick Williams was false.

26. Deny.

## COUNT I – 42 U.S.C. § 1983 – EXCESSIVE FORCE

27. Officer Smith denies the averments in paragraph twenty-seven of the first amended complaint. The footnote to paragraph twenty-seven of the first amended complaint does not require a response from Officer Smith, as it merely clarifies the nature of the claim being asserted.

28. Deny.

## COUNT II – STATE LAW –
## ASSAULT & BATTERY / EXCESSIVE FORCE

29. Admit.

30. – 31. Deny.

## OTHER MATTERS

32. Officer Smith is without sufficient information to admit or deny that plaintiff has been appointed as the personal representative of the estate of Barnes, which is a condition precedent to plaintiff filing a wrongful death action under section 6-5-410 of the Alabama Code. Accordingly, Officer Smith must deny that all conditions precedent to the bringing of this suit have occurred, and he demands strict proof that plaintiff has been properly appointed as the personal representative of the estate of Barnes. Officer Smith is otherwise without sufficient information to admit or deny the allegations contained in paragraph thirty-two of the first amended complaint. Accordingly, he must deny same.

## RELIEF SOUGHT

33 a. – e.    Officer Smith denies plaintiff is entitled to any relief sought by him and any damages, of whatever nature, against Officer Smith.

## ADDITIONAL DEFENSES

### First Affirmative Defense

Some or all of plaintiff's claims fail to state a claim against Officer Smith upon which relief can be granted.

### Second Affirmative Defense

Plaintiff is not entitled to any judgment against Officer Smith, and plaintiff is not entitled to recover any damages, costs, attorneys' fees, or any other relief whatsoever from Officer Smith.

### Third Affirmative Defense

To the extent that plaintiff has suffered any legally cognizable damage or injury, such damage or injury was caused by, and is the responsibility of, individuals and/or entities other than Officer Smith.

### Fourth Affirmative Defense

All of Officer Smith's actions or omissions with respect to the matters at issue in this case were reasonable, necessary, legally protected, and justified under the circumstances.  Therefore, Officer Smith has no liability to plaintiff.

### Fifth Affirmative Defense

No action or omission of Officer Smith was the proximate cause of plaintiff's alleged damages.

### Sixth Affirmative Defense

Plaintiff cannot establish a *prima facie* case of excessive force, assault, or battery.

### Seventh Affirmative Defense

Plaintiff's state-law claim for excessive force is barred because Alabama law does not recognize any such cause of action.

### Eighth Affirmative Defense

As to his state-law claims, plaintiff may not recover damages from Officer Smith under Alabama law in excess of the statutory damage cap contained in section 11-47-190 of the Alabama Code.

### Ninth Affirmative Defense

Officer Smith is immune from any liability to plaintiff.

### Tenth Affirmative Defense

Some or all of plaintiff's claims are barred because Officer Smith acted in good faith, with due care and without malice, and in conformity with all applicable rules, regulations, constitutional provisions, decisional authorities, procedures, statutes, and statutory interpretations.

### Eleventh Affirmative Defense

All uses of force by Officer Smith with regard to the matters at issue in this case were justified by the doctrine of self-defense.

### Twelfth Affirmative Defense

Some or all of plaintiff's claims under 42 U.S.C. § 1983 against Officer Smith are barred by the doctrine of qualified immunity.

### Thirteenth Affirmative Defense

Some or all of plaintiff's state-law claims are barred by the doctrine of discretionary-function immunity, now referred to as state-agent immunity.

### Fourteenth Affirmative Defense

Some or all of plaintiff's state-law claims against Officer Smith are barred by the statutory immunity established by section 6-5-338 of the Alabama Code.

### Fifteenth Affirmative Defense

Some or all of plaintiff's state-law claims against Officer Smith are barred by the common-law discretionary-function immunity embodied by section 895D of the RESTATEMENT (SECOND) OF TORTS.

### Sixteenth Affirmative Defense

Some or all of plaintiff's state-law claims against Officer Smith are barred by the combined effect of state-agent immunity (including statutory discretionary-function immunity established by section 6-5-338 of the Alabama Code and

common-law discretionary function immunity embodied by section 895D of the RESTATEMENT (SECOND) OF TORTS).

### Seventeenth Affirmative Defense

All uses of force by Officer Smith with regard to the matters at issue in this case were reasonable, necessary, and justified under the circumstances confronting Officer Smith at the time.

### Eighteenth Affirmative Defense

Any and all actions of Officer Smith, to the extent at issue in this case, were lawful under section 13A-3-22 of the Alabama Code.

### Nineteenth Affirmative Defense

To the extent he has not been properly appointed as the personal representative of Barnes' estate, plaintiff lacks standing and/or is not the real party in interest to bring this action.

### Twentieth Affirmative Defense

Under section 6-5-462 of the Alabama Code, plaintiff lacks authority to assert any claims on behalf of the estate of Barnes, to the extent he has not been properly appointed as the personal representative of Barnes' estate.

### Twenty-First Affirmative Defense

All uses of force by Officer Smith with regard to the matters at issue in this case were authorized by section 13A-3-23 of the Alabama Code.

**Twenty-Second Affirmative Defense**

Plaintiff's claim under 42 U.S.C. § 1983, to the extent predicated upon an alleged excessive use of force, is barred because Officer Smith used only that degree of force which was reasonable, necessary, and justified under the circumstances confronting Officer Smith at the time.

**Twenty-Third Affirmative Defense**

All uses of force by Officer Smith with regard to the matters at issue in this case were justified in order to terminate a dangerous high-speed car chase that threatened the lives of bystanders, other officers, and/or Officer Smith.

Officer Smith reserves the right to assert additional defenses as discovery progresses in this case.  To the extent that any of the allegations in the complaint have not been expressly admitted or denied, they are hereby denied and strict proof of each such allegation is hereby demanded.

*S/Ryan G. Blount*
Ryan G. Blount (ASB-8169-Y53B)
Allen L. Anderson (ASB-5940-R75A)

***Attorneys for defendant Bryan Smith***

**OF COUNSEL:**

**F&B LAW FIRM, P.C.**
213 Greene Street
Huntsville, Alabama 35801
Telephone Number: (256) 536-0095
Facsimile Number: (256) 536-4440
E-mail: court@fb-pc.com

12

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of October, 2018, I electronically filed the foregoing with Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

HENRY F. SHERROD, III
**HENRY F. SHERROD III, P.C.**
119 South Court Street
Florence, Alabama 35631-0606
Telephone Number: (256) 764-4141
Facsimile Number: (877) 684-0802
E-mail: hank@alcivilrights.com

EVAN A. WALDEN
MATTHEW L. WALDEN
**WALDEN BLAIR & ASSOCIATES, PLLC**
1891 Ingleside Avenue, Suite 150
Post Office Box 1764
Athens, Tennessee 37371
Telephone Number: (423) 453-5534
Facsimile Number: (423) 453-5794
E-mail: evan@waldenblairlaw.com
         mwaldenlaw@gmail.com

*Attorneys for plaintiff Michael Barnes, personal representative of the estate of Gabriel Sage Barnes*

                                            *S/Ryan G. Blount*
                                            Ryan G. Blount